Good morning. May it please the Court, my name is Joshua Milliken. I represent the appellant, Faylynn Sams, in this matter. Your Honor, in this case the two main issues are going to be, number one, whether the Uniform Act to secure the attendance of out-of-state witnesses and criminal proceedings applies, and if the answer is yes, there's some other issues. If the answer is no, then we can sort of skip ahead to, were the disclosures in this case made in accordance with the subpoena, which would entitle Yahoo! to the immunity or permit them to have the immunity under 18 U.S.C. 2703E. Do you agree that the Uniform Act does not apply where a corporate witness to be subpoenaed has presence within the state of Georgia? I do not agree, Your Honor. No, there's a case within Georgia that says to the contrary. Actually, with all due respect, the Urey case doesn't say that. The Urey case says once we determine that the Uniform Act applies, then you, as the corporation, get to determine who you want to send. It's just because, and I respect Judge Batten's opinion in the Sams case in the Northern District of Georgia, that's, he, respectfully, he misinterpreted Urey. Urey, I understand what the Court's saying, but Urey says you don't get to that point until there's a determination. The whole purpose of the statute, at least as far as the situations where otherwise service might not have been possible, isn't that correct? It is, and I would agree. I think your next question probably is, isn't it up to Yahoo! or whoever to decide whether they want to make the Uniform Act? Well, before we get to that, isn't it correct that Yahoo! clearly does have presence, offices, and people in Georgia? Yes. So, for purposes of Georgia law, there's absolutely no question that Yahoo! could have been subpoenaed at any time by the grand jury in Georgia without ever invoking the Act. Yes. Okay, so now that we have that established, to what degree do we even need to talk about the Act other than the availability of immunity? Well, if I could just back up a little tiny bit. My yes was a yes to your question, but it's also a little bit qualified because most of the case law is dealing with civil subpoenas, and that's part of the problem. It's part of why we here is a policy issue. There's been judicial guidance on search warrants, on 2703D orders. This is sort of a vacuum where there's been no judicial guidance. We'll give you a ruling. Exactly. And then, I'm sorry, to answer your question, to be honest, I just forgot your question. I think we'd finish with the point that since Yahoo! has people and offices in Georgia, there's no question that it could be lawfully subpoenaed under Georgia law by a Georgia grand jury. So the question next was, other than the immunity issue, what's our point in talking about the Act for purposes of this particular case? The purpose of this particular case, there's probably not one. I mean, the reality is we could just skip ahead to, I guess, the second question is, was there a response, were there disclosures in accordance with the terms of the statute? Are you saying that the first question isn't answered by Georgia law? I don't believe it is answered by Georgia law with respect to grand jury subpoenas. The first question on your position is that if the grand jury subpoenaed it like a civil subpoena, that that would be acceptable? Yes, Your Honor. If you reject that argument, then the uniform act would be applicable, and Yahoo!'s response, it would not have been an actual subpoena they responded to. It would have been a piece of paper purporting to be a subpoena that had no compulsory power. Let me follow up on my colleague's question. I thought you'd answered this before, but I guess you had a dividing line in your mind between civil and criminal. Yes, sir. Regardless of the nature of the subpoena, in this case, grand jury criminal action, is there any question in your mind that a Georgia-based corporation or Georgia office and the personnel there would be subject under the laws of Georgia to a Georgia grand jury subpoena? If they were, this brings in the issue of service, if they were served in Georgia. That's what I'm saying. I mean, let's put you down. You've got a law office, and you're a corporation. You're a piece. So, somebody with grand jury subpoenas, you also have offices in California and in Chicago. There's no question, is there, that you can be lawfully subpoenaed by a Georgia grand jury in Georgia? The only question is, the issue then becomes a service issue, which I don't think is an issue in this actual case. Well, certainly not for purposes of Georgia law, right? Yes, sir. So, what you want to talk about is perhaps the immunity issue and the way in which there was a response. Now, under Georgia law, there are certain requirements for the subpoena. Is there any question in your mind that was it validly issued? Was there anything in here, all the other things that the act requires? Well, let me just ask then, why should we find a lack of good faith in Yahoo's attempt to comply with the subpoena? Because Yahoo did not comply. They don't get the, I guess, the good faith because it was not in accordance with the terms of the subpoena. If you look to the terms of the subpoena itself, the subpoena specifically calls for the attendance of a witness, and for that witness to bring with them certain documentary evidence. Unlike, for example, a 45 subpoena, a civil subpoena, where there's an actual section that says you don't have to show up, or I find subpoenas where sometimes there's an inappearance portion of the subpoena. In this case, the subpoena itself specifically said you, in person, must not bring documents. And that's the law. And the natural question in response to that would be, well, why would it inconvenience somebody if they could simply just send you the documents? Well, in the county, does it happen all the time? Probably more often than not. In civil subpoenas, I 100% agree. In subpoenas for deposition, I 100% agree. But in the grand jury subpoena, the subpoena itself required the attendance of a witness. So do you have any case law in any jurisdiction that says that if a subpoena before a grand jury says, when you're a custodian of record, which we're talking about here, your custodian of records has to be here with X documents at X time, and the attorney calls up whoever it is, district attorney or whatever, and says, hey, you know, we've got these records and so on, and they always say, sure, no problem, send them over, send them by FedEx or whatever, and that's fine. That happens all the time. It does. Is there any case law that says that someone who does not, with the consent of the issuer of the subpoena, deliver these things early, that somehow they are breaking the law? I don't, and the reason why is because I don't believe there is any, and I don't believe there's any case law that says the opposite. The problem is here is – But don't you have a burden on this? I mean, I respect your ingenuity, but this doesn't make any sense, counsel. We have little enough comedy among the lawyers as it is. If we now ban them from appearing and delivering things voluntarily early, we've even screwed up the system more than it already is, haven't we? In the context of civil, yes, but this isn't the comedy among lawyers. This is law enforcement is prohibited. But it happens all the time there, too. But under the differences in this specific case, the Store Communications Act specifically says you cannot do this unless you've been compelled to do it. And the argument is that's not compulsion. If you're not even dealing with a piece of paper that allegedly compels you to do something it says, it's our contention that that would be voluntary or at least not compulsory. Aren't you really imposing a very high burden on Yahoo here? It's one that, to me, seems sort of untenable for social media providers. Not really. And the reason why I say that is because there's already specific things that they do in response to civil subpoenas. There's specific things they do in response to federal search warrants, state search warrants. We're just asking that the rules be followed so that you or I or anybody in this room who's had their documentation subpoenaed from Yahoo knows that there's a little, for lack of a better word, a hoop to be jumped through so their Fourth Amendment rights are protected. For example, in California, there is a specific state statute, California Penal Code 1324.2, that says if we get a state search warrant and you are an Internet provider in this state, you have to comply with that out-of-state search warrant. There's also the same statute that goes on to say if you are a foreign corporation, like Yahoo is, you know, if this business is here, you still have to comply with only a California state search warrant. And the reason I bring that up, and I'll end on this, is because the legislatures in each state can easily make an exception to this requirement. But the reality, counsel, is, I believe, that the issuer of the subpoena, the grand jury, you know, with the prosecuting attorney, they want the documents. They want the documents. That's all they care about. They don't care whether a person shows up. Now, if they don't show up, then they have a time certain and specific things they can do to enforce it. They want the documents. And if it's easier, less effective, less complex, less costly, we're all concerned. What's the legal, social, moral basis for commanding people that if the subpoena says you've got to be here at this time and at that place, if you don't, you're toast. If the cab is late, if you have a snowstorm, you're in big trouble. Because the Stored Communications Act protects individuals' privacy. If this were a normal document, if it wasn't stored communications, it would be all right. And what you're saying is 100 percent correct. But when somebody has the privacy interests of their information or their records for being protected in the Stored Communications Act, we can't just say it's law enforcement or the district attorney's office. Hey, we're going to make it a little bit easier. We're not going to make you jump. Let's assume for a minute that every document produced is exactly the same document that would have been produced at the time and the place identified in the subpoena. In what way has your client been harmed that was not contemplated by the Stored Communications Act? I don't think I have enough time to answer that. I'll take the time, please. The Stored Communications Act is, I'm sure the court is aware, it's got a lot of problems, it's got a lot of holes, and it needs to be updated. I understand, but I'm focusing on this specific issue. What difference does it make if the documents that were produced were produced a day, a week, a month earlier, but the same documents, exactly the same documents that disclosed exactly the same thing would have been produced on a date certain as commanded by the subpoena. What's the difference? The difference is that the Stored Communications Act specifically gives you a civil action for something, for having a production or a voluntary disclosure that's not permitted under the Stored Communications Act. And your point here is simply early disclosure fits into that category? Because it did not comply with statute, yes. I'm not going to argue, and I can't, because it would be unrealistic to argue that if you got something 30 days before it was actually due, that there's some different harm because you would have gotten it. You would have gotten it anyway. That's not what I'm arguing. This is a, I know it's a little oversubstantial, but the statute says what the statute says. That's the difference. Thank you. And we would also say de minimis non curat lex, right? Yeah. I'm so relieved that you guys still heard the entire... And it did. And it did. And I want to be honest with you, I'm so relieved you're on behalf of Yahoo. And I think I want to just pick up where the admission happened to George Washington. The admission was made directly in the United States. And you can see that in the request. The only thing that the servant, Yahoo, had to say to George Washington was, George Washington would have been completely defeated in the battle. So the only thing that he could challenge is the service, the transmission, the subpoenas, the charges, because Yahoo's request, the statute doesn't say, it doesn't challenge the subpoenas in the formal service of the same service by Yahoo. But counsel, excuse me, counsel, now why should we find that Sam's lack of standing to challenge the subpoenas with the Uniform Act when the document sought to implicate her privacy? I think what's close to the substance of the document is that she might have standing to challenge whether Yahoo turned over too much information. But she doesn't have standing to challenge the subpoenas. So we can start to discuss this issue as a whole after we're done with the department. But we will discuss the service of privacy in the Uniform Act, and we will discuss the subpoenas in case someone's under the influence of Yahoo that the department can't make a difference, and that we're going to try to challenge that. So I think that's it. As you know from the statute about the Uniform Act, is that part of the case, the thing I want to look at is the integrity of the 27th Amendment. And the reason I want to focus on that is because I think it's an absolutely important issue. If the 27th Amendment is being used in the community, it's also important that the request for a copy of Yahoo applies to the No Cause of Action Committee, or I guess the Department of Electronic Communications, providing information in accordance with the terms of the court report. There's lots of reasons why this is so unique and subject to challenge. And Mr. Melvin's arguments, at least in the local court, you can see in the Uniform Act, all the way up to under Yahoo, there's no basis to challenge it in front of the Georgia court. But there's no question about it, but when you see it against Yahoo's immunity, their job is to look at the process and not look behind it. And the reason I focus on immunity, Your Honor, as opposed to the Uniform Act, as Mr. Melvin's already stated, is to file a case of murder, to file three cases against providers, to file four cases against various providers, to file an out-of-state process, and to create immunity to all those cases. Mr. Wilker, I have a quick question. I'm looking at E now, and in the third line of it, it indicates that, of course, no cause of action can lie in any court, blah, blah, blah. This is with respect to people who comply, in quotes, in accordance with the terms of a court order warrant subpoena, statutory authorization or certification under this chapter. Opposing counsel takes the position that because Yahoo responded earlier than the subpoena mentioned, that that constitutes a voluntary and non-compelled compliance with E, and I assume their position is that you're not immune under that.  Sure. I think, you know, you addressed that effectively in your response to him, which is that early production isn't voluntary. It depends on the time you want to file a case against providers, and as far as compelled compliance, the only decision they make is when to send the documents. I don't think that you want a post-production voluntary. If it did, as you pointed out, there are millions of subpoenas, thousands of grand jury subpoenas, that you're immune to, and you just make sure that the documents arrive. Counsel is not talking about thousands of grand jury subpoenas in other cases. He's talking about grand jury cases in a circumstance under a statute  So are thousands of statutes of subpoenas coming in in those cases? Yes, absolutely. In fact, if you adjust the Yahoo, it would be thousands. But I'll focus specifically on this point. The work in accordance with the triggers in 2703E doesn't mean that date and time don't have to be the same. Is there a case to that effect, or that's what you're looking for? I think that's what we're looking for. In a case like this, it's completely different. So you want us to look at this in terms of the practicalities and what Congress was looking for here was there has to be compliance with the order. In this case, there was an order for production of certain documents, which had they been produced at the time and the place, they would not have been different than the ones that were earlier. Your view is that that is in accordance with the terms of the court order because it was not a voluntary but a compelled compliance. You just did it earlier. Is that correct? Well, the two differences are you did it early and without the presence of the custodian. But as the district court pointed out, we sent the documents, it was up to the grand jury and the prosecutor to decide if the custodian was necessary or not, and the prosecution decided the custodian wasn't necessary. Had they decided the custodian was necessary, the appellate would have sent the witness at the date and time probably from his Georgia office. Well, I'm not asking really whether it's necessary or not except under the statute, which says in compliance with the terms of the subpoena. And if the subpoena requires the presence of the custodian, that is a difference. Now, what the significance of the difference is, is a different matter for the court to decide, I assume. But when we asked about, or Judge Smith asked about, is it simply the fact that it's early? Shouldn't we add to that also the fact that the custodian, whose presence was required under the subpoena, was not required to be present under the, under what actually occurred? There are actually two differences between the terms of the subpoena and what occurred. They may be of no significance, but I'm simply asking you factually are there not two differences? Where is that on the record, counsel? The withdrawal of the requirement that the custodian appear in person. Yeah, I thought I saw that. Yeah, I thought I saw that. The question is where and what ER site is there a copy of this statement by the district attorney or whoever it was that withdrew the requirement that the custodian appear personally to deliver the record? It was not a, is there any reference in a written communication to an oral communication that waived that requirement? Well, if that's the case, then isn't Judge Reinhart's question an important one? Admittedly, it was done earlier. There were the documents that allegedly were subpoenaed were the ones that were delivered earlier. However, unlike most situations where the custodian simply appears and gives the documents, if the grand jury was going to question the custodian, then arguably there would be no compliance. Isn't that correct? Yes, I will. I said Judge Reinhart made the point that if there's no waiver of the custodian being there, the fact that the documents were the same that would have been produced at a later point, there would not necessarily have been compliance with the subpoena if the custodian was there and the grand jury wanted to question the custodian. So this issue of whether it was actually waived may have some importance. Okay, counsel, counsel, you're not answering my question. Listen carefully, please. Let's assume, for example, that you're the custodian of records and the grand jury wants to ask you how you keep records about individuals and about their account and where they're stored. If the custodian doesn't show up, they can't ask that. So it's important to know whether the custodian who was commanded to appear in the subpoena, if there was a command and the district attorney or whoever sent the subpoena waived it, great. But if they didn't waive it, then arguably there was no compliance with the subpoena because the grand jury couldn't ask those questions or something like it. Okay, so 49, 49, let me look here. Okay. Okay. Okay, I'm looking at this letter, and I'm not sure this is going to help you all that much because it indicates that you are required by law to appear and produce the evidence described in the subpoena before the grand jury on the date and time specified prior to your appearance. It talks about appearance. You may wish to voluntarily provide copies of the evidence to a person. By voluntarily providing us with copies prior to your scheduled appearance, you will make it possible for us to review the evidence in your possession in advance. This should expedite your appearance before the grand jury and make it possible for us to put you on call. So we don't know, and then ask whether you're willing to do that. Was there further communication where they did put you on call? Okay. Is it hyper-technical if they commanded you to appear and said if you appear, give the documents early, that you still have to appear unless we put you on call and then don't call you? And there's no record apparently that they put you on call and that they didn't call you, if I'm understanding it correctly. I don't want to know that. I want to know whether, I want to know what happened in this case. I don't need any type of documentation. But did they put you on call? Did they say you did not have to appear? And if so, where is the documentation? It's a hierarchical meeting because the documentation was a part of the meeting. Okay. And what case does that? Okay. Well, we know what you think it means, but I don't think we have any cases to say what anybody else thinks, right? I'm sorry. I said we know what you think it means, but there are no cases that says what anybody else thinks it means. The only other case, no, there are only four cases of real suspects. It's the Booker and Jay case. It's the Prius case. It's the unassigned warrant. Okay. Thank you. Thank you, counsel. Thank you. Is that time on the? That's his time. It was way over. He went way over, yeah. Okay. Thank you, counsel. Okay. Thank you all. The case just argued is submitted. Thank you. Thank you. Thank you.
judges: Nelson, Reinhardt, Smith